UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
ORRIE WILSON,

                        Plaintiff,                         AMENDED COMPLAINT
                                                                        10 CIV 5901

-against-                                                 (Judge Gardephe)

Correction Sergeant JOSEPH GUARINO and
Correction Officers PATRICK MCKENNA and
SHAWN JOHNSON,
individually and in their official capacities,

                        Defendants.
_____

The plaintiff's complaint alleges that:

## PRELIMINARY STATEMENT

1. This action seeks damages for an unprovoked assault inflicted upon plaintiff at Fishkill Correctional Facility by defendant correction officers on March 4, 2009.

2. This claim is brought pursuant to 28 U.S.C. Section 1983. The defendants' actions, as alleged herein, violated plaintiff's rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION

3. The court has jurisdiction under 28 U.S.C. Sections 1331 and 1343 (a) (3) and (4).

## PARTIES

4. Plaintiff Orrie Wilson is an inmate in the custody of the New York State Department of Correctional Services (hereinafter DOCS), currently confined at Fishkill Correctional

Facility, Beacon, New York. At all times relevant to this complaint, plaintiff was an inmate confined in the Fishkill Correctional Facility.

5. Defendant Correction Sergeant Joseph Guarino (hereinafter defendant Guarino) is employed as a correction officer of New York State DOCS at Fishkill Correctional Facility.

6. Defendant Correction Officer Shawn Johnson (hereinafter defendant Johnson) is employed as a New York DOCS and is presently at Clinton Correctional Facility.

7. Defendant Correction Officer Patrick McKenna (hereinafter defendant McKenna) is employed as a New York DOCS and is presently at Orleans Correctional Facility.

8. At all times relevant to the events described herein, all defendants were employed by and acting under color of the law for the State of New York DOCS at the Fishkill Correctional Facility.

## FACTS

9. On March 4, 2009, at approximately 4:45 pm, after the completion of dinner chow and while walking to his room on unit B-west, plaintiff was called back by Ms. Mullin, the officer assigned to the front desk of the unit.

10. Officer Mullin directed plaintiff Wilson to remove the shoe lace that was wrapped around his neck.

11. As directed by officer Mullin plaintiff then removed the shoe lace from around his neck. Once the lace was in his hand, plaintiff threw the lace on the officer's desk while walking away and stating to officer Mullin "you are always harassing me for a bunch of crap."

12. Several minutes later an unidentified officer came to plaintiff's room and ordered him back to the front of the unit.

13. Once at the front of the unit, Plaintiff was ordered by defendant Guarino to place his hands on the wall. Defendant Guarino was accompanied by Defendant McKenna and defendant Johnson. Once plaintiff's hands were on the wall he was pat frisked by one of the defendant officers.

14. While on the wall plaintiff noticed that defendant Guarino and officer Mullin went into a nearby room alone.

15. Upon returning a minute or so later, defendant Guarino ordered one of the defendant officers to handcuff plaintiff with his hands behind his back.

16. Plaintiff was cuffed with his fingers facing upward, with the cuffs intentionally tightened around his wrists, in an awkward and painful position.

17. Plaintiff was then escorted downstairs to the so-called Delta area by defendants. The Delta is a check-point hallway area where an officer checks inmate passes to see that they are in the right place and not hanging around in the hallways.

18. During the escort, defendant McKenna who held the chain-link portion of plaintiff's handcuffs would push plaintiff forward and then jerk the handcuffs up intentionally causing pain and injury to plaintiff's wrists.

19. Once downstairs, defendant Guarino told the Delta desk officer, Ms. E. Thompson, that he had the door and not to worry. Defendant Guarino then unlocked the door that led down a hallway.

20. Once in the hallway, the door was closed behind plaintiff and he was escorted down the hallway by the defendants between two locked doors.

21. Once down the hallway, defendant Guarino showed plaintiff his shoe lace and asked him "What is this,?" while then punching plaintiff on his upper right cheek bone with a closed fist.

22. Defendant McKenna, while holding plaintiff's handcuffs, then jerked up hard on the handcuffs a couple times. Defendant Johnson also tried to ram plaintiff's head into a wall but plaintiff was able to maneuver his head away, avoiding impact with the wall. This resulted in plaintiff falling to the floor and the defendants kicking him on his back and ribs.

23. Defendant McKenna then pulled plaintiff up using his handcuffs to further cause plaintiff injury and pain to his wrists.

24. Plaintiff was then escorted down the hallway by defendants while defendant McKenna continued to push and jerk back on plaintiff's cuffed wrists until they reached the door at the end of the hallway. Defendants then unlocked the door which opened up next to the Traffic Control #2 check point area. There was no attending officer in the Traffic Control #2 area. Traffic Control #2 is where an officer is assigned to maintain control of the hallways when inmates are going to their programs.

25. The defendants then continued to escort plaintiff down a hallway where another door was opened by a defendant officer. Plaintiff was then taken though the door and lead upstairs to SHU P-Company.

26. Once in SHU, plaintiff was seen by the nurse whereby he explained what happened.

27. A nurse then conducted a medical exam of plaintiff, and Sergeant Shultis took photographs of plaintiff's back and rib areas. No pictures were taken of plaintiff's wrist or facial area.

28. Plaintiff was treated by the nurse with Ibuprofen and antibiotics and band aids for the cuts on his wrists.

29. Subsequently, on April 3, 2009, plaintiff was questioned by Lt. Milton about what happened on March 4, 2009, and again pictures were taken of plaintiff's upper body, and for the first time, his wrists.

30. As a result of the assault, plaintiff suffered fractures of the 8th and 9th ribs laterally; 2mm displaced right rib fracture; an approximate 2cm long laceration to his right wrist; indentation of the right wrist from handcuffs; abrasion to wrists; recurring problems with his lower back including pain. The plaintiff also suffered body and facial pain and emotional trauma.

31. Plaintiff was also subsequently issued a cane and a metal back brace to help support his walking upright and for the purpose of easing any back and right leg pain.

32. On March 4, 2009, plaintiff was charged in a Misbehavior Report written by Officer E. Mullins with violating rules 106.10 - of direct order; 113.11 - shall not alter any item; 104.13 - Disturbance; and 107.11 - Harassment of Employee. Inmate was found guilty of the charges and received 20 days of SHU confinement with five (5) days suspended.

33. The defendants completed no use of force documents or any Misbehavior Reports regarding the use of force incident resulting in plaintiff's injuries on March 4, 2009. There are no DOCS' records showing how inmate Wilson suffered his injuries other than his version of what happened.

34. On April 7, 2009, plaintiff filed a grievance alleging that he was assaulted by officers on March 4, 2009.

35. On June 3, 2009, DOCS' Central Office Review Committee issued its final decision in response to plaintiff's grievance.

36. Plaintiff has exhausted his administrative remedies regarding this civil rights action.

## FIRST CAUSE OF ACTION

37. Under the Eighth and Fourteenth Amendments to the United States Constitution, plaintiff has a right not to be subjected to cruel and inhuman treatment.

38. Defendants violated this right by assaulting plaintiff on March 4, 2009.

## SECOND CAUSE OF ACTION

39. Defendant, Sergeant Guarino, was the supervising officer when plaintiff was assaulted on March 4, 2009.

40. Defendant Guarino is liable for both assaulting plaintiff and also for his failure to adequately supervise the other defendants. His failure to properly supervise or to intervene to prevent or terminate the assault on plaintiff resulted in the other defendants maliciously and sadistically inflicting harm upon plaintiff.

## THIRD CAUSE OF ACTION

41. Defendant officers are liable for both assaulting plaintiff and failing to intervene in stopping the assault on plaintiff when having adequate opportunity notice and opportunity to do so.

**WHEREFORE**, plaintiff requests that this Court:

1. Enter judgment against the defendants in favor of plaintiff for substantial and reasonable compensatory and punitive damages;

2. Award plaintiff the costs of this action and reasonable attorney's fees;

3. Grant such other relief as this Court deems just and proper.

DATED:  January 20, 2011

                                                          BY: _____/S/_____
                                                          GAVIN A. COOK, Attorney for Plaintiff
                                                          Karen Murtagh-Monks, Executive Director
                                                          PRISONERS' LEGAL SERVICES OF NEW YORK
                                                          Attorney for Plaintiff
                                                          41 State Street, Suite M112
                                                          Albany, New York 12207
                                                          (518) 438-8046